**Harvey STUART**

v.

**Michael R. FLYNN et al.**

**Civ. A. No. 74–388.**

United States District Court,
W. D. Pennsylvania.

Aug. 19, 1974.

George B. Stegenga, Washington, Pa., for plaintiff.

Howard E. Goldfarb, Washington, Pa., for Washington County Retirement Board.

David L. Gilmore, Washington, Pa., for Flynn, Jones and Paluso.

John J. Moschetta, Jr., Washington, Pa., for Mascara.

## OPINION

GOURLEY, Senior Judge:

This Civil action has been filed pursuant to the Civil Rights Act, 42 U.S.C.A. § 1983. The Court has conducted a full and complete trial of the proceeding in which plaintiff contends that his Constitutional rights have been infringed by defendants' refusal to pay his salary for service as an elected jury commissioner and by defendants' termination of a vested pension.

The Court is satisfied that there is jurisdiction over this matter. There is no requirement that state remedies be pursued or exhausted prior to proceeding in this Court where plaintiff alleges that defendants have acted under color of state law to deprive him of his Constitutional rights. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). While the Washington County Retirement Board and the Washington County Employees Retirement System are not proper party defendants since they are not persons under the Civil Rights Act, the individually named members of the Retirement Board are proper defendants. Monroe v. Pape, *supra.*

The facts may be briefly stated. The plaintiff is now 75 years of age and was employed in various capacities in the County of Washington for over 22 years, holding both elected and appointed positions. He retired at the age of 65 and began to receive retirement benefits consistent with the provisions of the Fourth Class County Retirement Law of 1941, P.L. 298, 16 P.S. § 11561 et seq. In 1973 plaintiff was elected jury commissioner of Washington County, which was a four-year term with a salary of $1,800 per year. He assumed the duties of said office on January 1, 1974, but has never been paid or received any of the perquisites of his office. After his election as jury commissioner, not only did the County fail and neglect to pay his salary, but all his retirement benefits which had been previously accrued were terminated.

Defendants' actions in terminating plaintiff's retirement benefits were based upon the Fourth Class County Retirement Law, *supra,* and the County Pension Law, 16 P.S. § 11651 et seq. Plaintiff, however, specifically notified the County after his election as jury commissioner that he did not choose to bring himself within the provisions of the Act of 1971, which was then the applicable law for retirement benefits. It is well to note that there is a saving clause in the Act of 1971 which provides that no rights accrued under any prior county retirement system shall be impaired and that all vested rights shall remain in full force.[1]

There is an apparent inconsistency in the Act of 1971 with respect to who is included within the ambit of the Act's requirements. In defining the term "county employes," the 1971 Act provides that this means *any* person whether elected or appointed, who is employed by the County. See 16 P.S. § 11652(2). However, when reference is made to the section of the Act dealing with compul-

[1]. See 16 P.S. § 11681(a) and (b).

**426**

sory participation in the retirement program, the Act provides that each county officer *may* and all other county employes *shall* become a member of the retirement system. See 16 P.S. § 11660. The 1971 Act specifically provides that any person who is receiving a retirement allowance and who becomes re-employed by the County shall immediately cease receiving retirement benefits. However, the Saving clause in the 1971 Act would seem to eliminate the application of this requirement to plaintiff in view of his election not to be covered by said Act. Thus, the termination of his pension rights and the refusal to pay his salary for services rendered as a jury commissioner for the County of Washington constitutes, in the considered judgment of the Court, a denial of plaintiff's rights under the United States Constitution.

■ Very simply stated, the Court must conclude that the pension rights which plaintiff received after reaching the age of 65 and which were paid for approximately nine years prior to his election as jury commissioner were vested under the 1941 Act and should not be terminated. Unquestionably the defendants, in depriving the plaintiff of the emoluments of a state elected office, were acting under color of state law. It further appears that the acts of the individual members of the Retirement Board, in preventing payment to be made to the plaintiff of pension benefits which he accrued over his many years of service in county government, constitute a deprivation of his Civil Rights since as an accrued and vested pension, it would be a property right, the taking of which would be denial of Due Process. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1971).

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.